UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

| | |
|---|---|
| IN RE: CEDRIC LAMONT MCLEAN<br>LATOYA MCLEAN<br>DEBTORS | CASE NUMBER: 22-02526-5-PWM<br>CHAPTER 13 |

The undersigned hereby certifies that he has served upon all parties or persons by law entitled to such service in the above captioned proceeding the following:

DEBTOR'S CHAPTER 13 PLAN

Said Service was accomplished in the following manner:

By automatic **electronic noticing** or by depositing copies of same in a depository under the exclusive care and custody of the United States Postal Service, in a postage-paid envelope, addressed as follows:

| | |
|---|---|
| Joseph A. Bledsoe, III, Chapter 13 Trustee<br>PO Box 1618<br>New Bern, NC 28563 | Marjorie K. Lynch<br>Bankruptcy Administrator<br>Two Hanover Square, Ste. 640<br>434 Fayetteville ST<br>Raleigh, NC 27601-1701 |
| See attached mailing matrix | |

Dated:    November 15, 2022

R. GREGG EDWARDS, P.A.

/s/ R. Gregg Edwards
R. GREGG EDWARDS
Attorney at Law
N.C. State Bar Number: 10862
2517 Raeford Road, Suite D
P.O. Box 53885
Fayetteville, NC  28305
910-483-3399 Office@rgedwards.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0417-5<br>Case 22-02526-5-PWM<br>Eastern District of North Carolina<br>Raleigh<br>Tue Nov 15 17:58:57 EST 2022 | Bankruptcy Administrator<br>Two Hannover Square, Ste. 640<br>434 Fayetteville Street<br>Raleigh, NC 27601-1701 | Joseph A. Bledsoe III<br>PO Box 1618<br>New Bern, NC 28563-1618 |
| Capital One<br>Attn: Officer<br>PO Box 31293<br>Salt Lake City, UT 84131-0293 | Department of Education/ Aidvantage<br>PO Box 9635<br>Wilkes Barre, PA 18773-9635 | R. Gregg Edwards<br>Law Office of R. Gregg Edwards<br>PO Box 53885<br>Fayetteville, NC 28305-3885 |
| Financial Pacific Leasing, Inc.<br>3455 S. 344th Way, STE 300<br>Federal Way, WA 98001-9546 | Grady I. Ingle<br>Ingle Law Firm, P.A.<br>13801 Reese Blvd. West<br>Suite 160<br>Huntersville, NC 28078-6342 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| (p)LABORATORY CORPORATION OF AMERICA<br>ATTN GOVERNMENT AUDITS<br>PO BOX 2270<br>BURLINGTON NC 27216-2270 | Cedric Lamont McLean<br>PO Box 1182<br>Fayetteville, NC 28302-1182 | Latoya McLean<br>PO Box 1182<br>Fayetteville, NC 28302-1182 |
| Movement Mortgage/Service Mac<br>AttnL Managing Agent<br>Po Box 100078<br>Duluth, GA 30096-9377 | NC Attorney General<br>Attn: Revenue Section<br>PO Box 629<br>Raleigh, NC 27602-0629 | NC Department of Revenue<br>Office of Serv. Div BK Unit<br>PO Box 1168<br>Raleigh, NC 27602-1168 |
| Navy Federal Credit Union<br>Attn: Officer<br>PO Box 3700<br>Merrifield, VA 22119-3700 | Navy Federal Credit Union<br>PO Box 3000<br>Merrifield, VA 22119-3000 | North Carolina Department of Revenue<br>Bankruptcy Unit<br>P.O. Box 1168<br>Raleigh, NC 27602-1168 |
| PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Schweet Linde & Coulson, PLLC<br>575 S. Michigan ST<br>Seattle, WA 98108-3316 | State Employees Credit Union<br>Attn: Officer<br>PO Box 25279<br>Raleigh, NC 27611-5279 |
| TBF Financial LLC<br>Attn: Managing Agent<br>870 Sheridan RD<br>Highwood, IL 60040-1003 | TD Auto Finance<br>Attn: Officer<br>PO Box 9223<br>Farmington, MI 48333-9223 | Truist Bank<br>Attn: Banking Officer<br>PO Box 1849<br>Wilson, NC 27894-1849 |
| US Attorney General's Office<br>150 Fayetteville Street Suite 2100<br>Raleigh, NC 27601-2959 | Dye Culik, PC<br>1200 E. Morehead Unit 220<br>Charlotte, NC 28204 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:

| Debtor 1: Cedric Lamont McLean | CASE NO.: 22-02526-5-PWM |
|---|---|
| Debtor 2: Latoya McLean | CHAPTER 13 |

☐ Check if this is an amended plan and list below the section of the plan that have changed.

## CHAPTER 13 PLAN

**Part 1: Notices**

**Definitions:** Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/localforms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). **The Court may confirm this plan without further notice if no objection to confirmation is filed.** In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre-confirmation adequate protection payments shall be paid in accordance with Local Rule 3070-1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. ***Debtor(s) must check one box on each line of §§ 1.1, 1.2, and 1.3 below, to state whether or not the plan includes provisions related to each item listed.*** If an item is checked "Not Included," or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment at all. | ☒ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☒ Included | ☐ Not Included |

## Part 2: Plan Payments Length of Plan

**2.1 The Debtor(s) shall make regular payments to the Trustee as follows:**
$1,862.00 per month for 60 months

**2.2 Additional payments.** *(Check one.)*
☒ **None.**

**2.3 The total amount of estimated payments to the Trustee is $111,720.00.**

**2.4 Adjustments to the Payment Schedule/Base Plan** *(Check one).*

☐ **None.**

☒ **Confirmation of this plan shall not prevent an adjustment to the plan payment schedule or plan base.** The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

**2.5 Applicable Commitment Period, Projected Disposable Income, and "Liquidation Test."**
The Applicable Commitment Period of the Debtor(s) is 36 months, and the projected disposable income of the Debtor(s), as referred to in 11 U.S.C. § 1325(b)(1)(B), is $0.00 per month. The chapter 7 "liquidation value" of the estate of the Debtor(s), as referenced in 11 U.S.C. § 1325(a)(4), refers to the amount that is estimated to be paid to holders of non-priority unsecured claims. In this case, this amount is **$87,762.00.**

## Part 3: Treatment of Secured Claims

**3.1 Lien Retention.**

The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:

    (a)    payment of the underlying debt determined under nonbankruptcy law, or

    (b)    discharge of the Debtor(s) under 11 U.S.C. § 1328.

**3.2 Maintenance of Payments and Cure of Default (if any)** *(Check one.)*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

☐ The current contractual installment payments will be maintained on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Trustee ("Conduit") or directly by the Debtor(s), as specified below. Any arrearage listed for a claim below will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a timely filed proof of claim, the amounts stated below are controlling as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the Court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be paid by the plan.

| Creditor Name | Collateral | Current Installment Payment (Including escrow | Arrears Owed (If any) | Interest Rate on Arrearage (If applicable) |
|---|---|---|---|---|
| Movement Mortgage/Service Mac | 292 Hogart ST Raeford, NC 28376-6611 | $1,548.05 per month<br>To be disbursed by:<br><br>☐ Trustee<br>☒ Debtor(s) | $0.00 | 0.00% |
| Truist | 2017 Chevrolet Suburban 75,821 miles | ☐ Trustee<br>☒ Debtor(s) | $0.00 | 0.00% |
| TD Auto Finance | 2017 Chevrolet Impala | ☐ Trustee<br>☒ Debtor(s) | $0.00 | 0.00% |

*Insert additional claims, as needed.*

☐ **Other.** *(Check all that apply, and explain.)* The Debtor(s):

**(a)** ☐ do intend to seek a mortgage modification with respect to the following loan(s) listed above:_____

**(b)** ☒ do not intend to seek mortgage loan modification of any of the mortgage loans listed above;

**(c)** ☐ intend to: _____

**3.3 Request for Valuation of Security and Modification of Undersecured Claims.** *(Check one.)*
☒ **None.**

**3.4 Claims Excluded from 11 U.S.C. § 506(a).** *(Check one.)*
☒ **None.**

**3.5 Avoidance of Judicial Liens or Nonpossessory, Non-purchase-Money Security Interests.** *(Check one.)*
☒**None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

---

**3.6 Surrender of Collateral.** *(Check one.)*

☐**None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

☒The Debtor(s) will surrender the collateral listed below that secures the creditor's claim. Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) shall terminate as to the surrendered collateral and any co-debtor stay of 11 U.S.C. § 1301 shall terminate in all respects. No claim for a deficiency remaining due after the disposition of surrendered collateral will be allowed or paid unless the creditor timely files a proof of claim and, within 180 days after confirmation of the plan, amends the claim as necessary to show the remaining unsecured deficiency after the disposition of the surrendered collateral. Absent such timely filing and amendment of a claim, or an order by the Court extending the 180-day filing deadline, the surrender of the collateral shall be deemed in full satisfaction of the Debtor's contractual obligation to the creditor.

| Creditor Name | Collateral |
|---|---|
| TBF Financial LLC | 2006 Mac Dump Truck |
|  |  |

*Insert lines for additional creditors and collateral, as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General Treatment:** Unless otherwise indicated in this Part or in **Part 8, Nonstandard Plan Provisions**, the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

**4.2 Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be 6.0 % of amounts disbursed by the Trustee under the plan and are estimated to total **$6,720.00.**

**4.3 Debtor(s)' Attorney's Fees.** *(Check below, as appropriate.)*
☒Debtor(s)' attorney has agreed to accept as a base fee **$6,500.00**, of which **$500.00** was paid prior to filing. The Debtor(s)' attorney requests that the balance of **$6,000.00** be paid through the plan.
☐The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $ , of which $ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $ be paid through the plan.

**4.4 Domestic Support Obligations ("DSO's").** *(Check all that apply.)*
☒None

**4.5 Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4**
☐**None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☒Section 507(a) priority claims, other than attorney's fees and domestic support obligations are estimated to be as follows:

| Creditor Name | Claim For: | Estimated Claim Amount |
|---|---|---|
| NC Department of Revenue | 2019 | $379.14 |

## Part 5: Unsecured Non-Priority Claims

**5.1 General Treatment.** After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 5.2 below, will receive a *pro rata* distribution with other holders of allowed, nonpriority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5). Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, no specific distribution to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

**5.2 Co-Debtor and Other Specially Classified Unsecured Claims.** *(Check one.)*
☒ None.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are to be treated as specified. All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court.** *(Check one.)*

☒ None.

## Part 7: Miscellaneous Provisions

**7.1 Vesting of Property of the Bankruptcy Estate:** *(Check one.)*
Property of the estate will vest in the Debtor(s) upon:
☐ plan confirmation.
☐ discharge.

☐ other:_____.

**7.2 Possession and Use of Property of the Bankruptcy Estate:** Except as otherwise provided or ordered by the Court, regardless of when property of the estate vests in the Debtor(s), property not surrendered or delivered to the Trustee (such as payments made to the Trustee under the Plan) shall remain in the possession and control of the Debtor(s), and the Trustee shall have no liability arising out of, from, or related to such property or its retention or use by the Debtor(s). The use of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**7.3 Rights of the Debtor(s) and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

**7.4 Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

**8.1   The following are the Nonstandard Provisions of this plan:**

☐ None. If "None" is checked, the rest of Part 9 need not be completed or reproduced.

**The remainder of this Part 9 will be effective only there is a check in the box "Included" in Part 1,
§ 1.3, of this plan above.**

Under Bankruptcy Rule 3015(c), nonstandard plan provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this E.D.N.C. Local Form or deviating from it. **Nonstandard provisions set out elsewhere in this plan are ineffective.**

11 U.S.C. §1321. Filing of plan.  The debtors have filed a plan.

Rule 3002(a).  Every creditor must file a Proof of Claim.

                        Part I.  Nonstandard Provisions Included in this Plan:
(a) Resolve Conflicting Language
(b) Reconciliation 1306 Plan or 1327 Plan
(c) Plan Says Secured, Claim Says Unsecured
(d) Reject Arbitration
(e) 524(i) Application of Payments
(f) 524(i) Application of Mortgage Payments
(g) Object to Claims at any Point in the Case
(h) No Payments if Stay is Lifted
(i) Failure to Pick Up Surrendered Personal Property
(j) Standing Stay Modification for Insurance/Direct Payments
(k) Revoke Cell Phone Authorization
(l) Credit Reporting
(m) Choice of Law
(n) Choice of Venue
(o) Jurisdiction for Non-Core Matters

(a) Conflict Between Plan Form and Nonstandard Provisions
1. To the extent that the attached Plan Summary and any provisions in the above proposed plan differ or contradict each other, such is incidental and not intentional, but nonetheless the attached plan provisions are to be considered additional plan provisions.

(b) Reconciliation: 11 U.S.C. § 1327 Plan
1. This is to be considered primarily a §1327 Plan. All property shall remain property of the estate and shall vest in the debtor upon dismissal prior to confirmation or confirmation. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the trustee.
2. To resolve any conflict in this §1327 Plan that may arise between the interpretation of §1306 and §1327, the post-petition wages of the debtor will remain the property of the estate until such time as the case is dismissed, or confirmed, or converted to a case under chapter 7,11, or 12 of this title prior to confirmation, whichever comes first.
3. Property of the estate includes all of the property specified in 11 U.S.C. §541 and all property of the kind specified in 11 U.S.C. §1306 acquired by the debtor after commencement of the case but before the case is closed, dismissed, or converted to one under another chapter of the Code. All property of the debtor remains vested in the estate and will vest in the debtor upon the entry of the final confirmation order.

4. This plan is consistent with 11 U.S.C. §1306. All income of the debtors including those acquired post confirmation, shall remain property of the estate until discharge or dismissal.
5. All property shall remain property of the Chapter 13 estate under 11 U.S.C. §§541(a), and 1306(a) and shall revest in the debtor only upon discharge pursuant to §1328(a), conversion of the case, or specific order of the Court which states otherwise. The debtor shall remain in possession of and in control of all property of the estate not transferred to the trustee, and shall be responsible for the protection and preservation of all such property, pending further orders of the court.
6. Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor after commencement of the case but before the case is closed, dismissed, or likewise converted to one under another chapter of the Code.

(c) Plan Says Secured Claim, Proof of Claim Says Unsecured Claim
1. If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposed of distribution and for any other purpose under the plan and the debt shall be subject to discharge.

(d) Reject Arbitration and Alternative Dispute Resolution
1. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this chapter 13 case.
2. All arbitration provisions, except any related to the debtor's principal residence and protected from modification pursuant to 11 U.S.C. §1322(b)(2), including waivers of class action standing and participation, are hereby void.
3. The plan filed by the debtor herein specifically rejects, avoids, cancels, and otherwise releases the debtor from any and all contractual provisions, with any party or entity, which could or may imposed on the debtor any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising

under the Federal Arbitration Act or any state rule, statue, or regulation, are invalid, void and otherwise unenforceable as to the debtor of the chapter 13 trustee.

4. Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of the plan herein, constitutes waiver or any right of said creditor to seek enforcement of any arbitration agreement and constitutes consent to the removal of any arbitration clause from any type of contract or contract with the debtor herein.

5. Pursuant to 11 U.S.C. §1322(b)(7) the debtor specifically rejects any and all executory contracts and contractual provisions with any other party or entity, which could or may impose on the debtor and/or the Chapter 13 Trustee any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor to any form of binding arbitration or alternative dispute resolution whether arising under the Federal Arbitration Act or any state rule, statue, or regulation.

(e) 11 U.C.S. §524(i) Application of Payments For Non Mortgage Creditors
1. All creditors receiving payments from the debtor or the trustee shall apply all post-petition arrearage payments only to the pre-petition arrearage claim. All creditors receiving payments from the debtor or trustee shall apply the monthly post-petition payments to the monthly payments designed in the plan, or to the claim amount designed in the plan, or to the balance remaining on the claim, as provided for in the plan.
2. All creditors receiving payments from the trustee shall apply all post-petition arrearage payments only to the pre-petition arrearage claim. All creditors receiving payments from the trustee shall apply all regular monthly post-petition payments to the monthly payments designed, beginning with the calendar month and year designed for such payment.
3. All creditors receiving payments from the trustee or to the debtor shall apply all payments only to the allowed claim. All creditors receiving payments from the trustee or the debtor shall apply all payments to the monthly payments designated, beginning with the calendar month and year designated for such payment.

(f) 11 U.S.C. §524(i) Application of Mortgage Payments
1. Confirmation of the plan shall impose a duty on mortgage creditors and/or mortgage servicers of such creditors, with respect to application of mortgage and mortgage-related payments, to comply with the provisions of 11 U.S.C. §524(i). All mortgage creditors and/or servicers for mortgage creditors shall have an affirmative duty to do the following upon confirmation of the plan:
(A) Properly apply all post-petition payments received from the chapter 13 trustee and designated to the pre-petition arrearage claim only to such claims;
(B) Properly apply all post-petition payments received from the chapter 13 trustee and designated as ongoing or regular monthly mortgage payments beginning with the calendar month and year designated for such payment by the court in the order confirming the plan;
(C) Properly apply all post-petition payments received directly from the debtor only to post-petition payments unless otherwise ordered by the court;
(D) Refrain from assessing or adding any addition fees or charges to the loan obligation of the debtor based solely on a pre-petition default;
(E) Refrain from assessing or adding any additional fees or charges to the loan obligation of the debtor (including additional interest, escrow, and taxes) unless notice of such fees and charges has been timely filed pursuant to the applicable Federal Rule of Bankruptcy Procedure and a proof of claim has been filed and has not been disallowed upon objection of the chapter 13 trustee or the debtor;

(F) To the extent that any post-confirmation fees or charges are allowed pursuant to the applicable Federal Rule of Bankruptcy Procedure and are added to the plan, to apply only payments received from the chapter 13 trustee that are designated as payment of such fees and charges only to such fees and charges; and

(G) To the extent that any post-confirmation fees or charges are allowed pursuant to the applicable Federal Rule of Bankruptcy Procedure and are not added to the plan, to apply only payments received directly from the debtor and designated as payments of such fees and charges only to such fees and charges.

(H) Escrow, Interest Rate Change

1. If the ongoing or regular monthly mortgage payment changes due to either changed escrow requirements or a change in a variable interest rate, or if any post-petition fees or expenses are added to the Plan, and an increase in the plan payment is required as a result, the debtor shall thereafter make such increased plan payment as is necessary.  Provided, however, that the creditor and/or servicer shall have complied with the requirements of the applicable Federal Rule of Bankruptcy Procedure for the allowance of such mortgage payment change or addition of such fees and expenses.

2. Payments received by Movement Mortgage from the trustee on prepetition arrearages shall be applied only to such arrearages.  Prepetition arrears shall include all sums included in the allowed proof of claim.  Post-petition monthly mortgage payments paid by the trustee to Movement Mortgage shall be applied to the month in which they were designated to be made under the plan. All payments shall be applied as set out in the Application of Payments covenant in the loan documents.

3. Mortgage creditor and/or mortgage servicer shall notify the trustee, the debtor and the attorney for the debtor in writing of any changes in the interest rate for any non-fixed rate or any adjustable rate mortgages and the effective date of any such adjustment or adjustments. The failure to comply with such notice requirements shall constitute a waiver of any increase in the rate until such notice is provided.  In the event the rate should be reset to a rate lower that the rate as of the petition date, then any failure to provide notice as herein provided shall constitute a violation of §524(i) to the extent that the debtor suffers aggregate damages of more than $50,000.

4. Mortgage creditor and/or mortgage servicer shall notify the trustee, the debtor and attorney for the debtor in writing of any change in property taxes, and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments.  The failure to comply with such notice requirements shall constitute a waiver of any right to recover any enhanced escrow payments and to recover any such increases until such notice is provided, on the condition that notice is provided within sufficient time to maintain the feasibility of the plan as confirmed.

5. Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor to the month in which they were made under the plan or directly by the debtor, whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor and the attorney for the debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor and attorney for the debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. §524(i).

(g) Objection to Proofs of Claim

1. Confirmation of the Plan does not bar a party in interest at any time from objecting a proof of claim for good cause shown.

2. Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

3. The debtor reserves the right to object to any proof of claim that is not filed in strict compliance with Rule 3001 of the Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, or defenses the debtor may have with respect to any such claim. Furthermore, to the extent a filed proof of claim is inconsistent with this plan or with any of the Schedules or Statements filed in this case, then and in that event the debtor reserves the right to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related with the said claim or claims. To the extent the debtor raises an objection to a filed proof of claim, or to a notice of transfer of a filed claims, or files any adversary proceeding related to such an original claim or a transferred claim, then and in that event this plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and unliquidated. The debtor also reserves to the estate or the debtor all claims or causes of action he may have, could have or might have based on any claim filed with the trustee in this case by any creditor, assignee or transferee and nothing in this plan or in these Schedules shall be deemed a waiver of any such claims or causes of action.

(h) No Payments if Stay is Lifted

1. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, the, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

2. Unless otherwise specifically ordered, any creditor holding a claim secured by property which is removed from the protection of automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the chapter 13 trustee unless an itemized proof of claim for any unsecured deficiency balance is filed within 120 days (or 180 days if the property is real estate or manufactured housing), or such other period as the court orders, after the removal of the property from the protection of the automatic stay. The removal date shall be the date of the entry of an order confirming the plan, modifying the plan, or granting relief from stay. This provision also applies to other creditors who may claim an interest in, or a lien upon, property that is removed from the protection of the automatic stay or surrendered to another lien holder.

3. If relief from the automatic stay provided in 11 U.S.C. §362(a) is granted pursuant to 11 U.S.C. §362(d) at the request of any residential lien holder, all remaining claims of all residential lienholders shall be treated the same as the unsecured non-priority creditors, and shall not be excepted from discharge. However, the trustee shall not cease disbursement on any claim by any residential lien holder until the debtor files an appropriate objection to the claims.

(i) Failure to Pick Up Surrendered Personal Property

1. If, within 90 days of confirmation, a holder of a lien against personal property collateral surrendered under Part 3.5 has not taken possession of collateral or commenced judicial action to do so, the debtor may dispose of such personal property as allowed under North Carolina law.

(j) Standing Stay Modification

1. The automatic stay provided in 11 U.S.C. §362(a) is modified in this case to permit affected secured creditors to contact the debtor about the status of insurance coverage on property used as collateral and, if there are direct payments being made to creditors, to allow affected secured creditors to contact the debtor in writing about any direct payment default and to require affected secured creditors to send statements, payment coupons, or other correspondence to the debtor that the creditor sends to its nonbankruptcy debtor customers. Such actions do not constitute violations of 11 U.S.C. §362(a).

2. The automatic stay provided in 11 U.S.C §362(a) is modified in this chapter 13 case to permit affected secured creditors to contact the debtor about the status of insurance coverage on property used as collateral and, if there are direct payments being made to creditors, to allow affected secured creditors to contact the debtor in writing about an direct payment default. Such actions do not constitute violations of 11 U.S.C. § 362(a).

3. The secured creditors in this plan shall send statements, payment coupons, or other correspondence to the debtor that the creditor sends to its nonbankruptcy debtor customers. Such actions do not constitute violations of the automatic stay, 11 U.S.C. §362(a).

(k) Revocation of Consent to Telephonic Communications

1. Debtor is specifically rejecting as an executory contract any prior authorization, either in writing, verbally expressed or implied, to contact the debtor by way of his or her cellphone. Such contact includes but is not limited to cell phone calls, text messages, voice mail messages, silent voice mail messages, or any form communication by cellphone or otherwise. These provisions are incorporated and made a part of the chapter 13 plan and thus apply to all parties in interest with such provisions or who claim authority by contract, assignment, power of attorney, agency or otherwise to contact or attempt to contact the debtor by way of their respective wireless telephones or cell phones or land lines.

2. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this chapter 13 case. Debtor is specifically rejecting as an executory contract any prior authorization, either in writing, verbally expressed or implied, to contact the debtor by way of their cellphone. Such contact includes but is not limited to cell phone calls, text messages, voice mail messages, silent voice mail messages, or any other form communication by cellphone or otherwise. These provisions are incorporated and made a part of the chapter 13 plan and this apply to all parties in interest with such provisions or who claim authority by contract, assignment, power of attorney, agency or otherwise to contact or attempt to contact the debtors by way of their respective wireless telephone or cell phones or land lines.

3. Any prior authorization to contact the debtor, either in writing or verbally, expressed or implied, by mobile telephone is revoked and rejected as an executory. Such contract include but is not limited to mobile telephone calls, text messages, voice mail messages, silent voice mail messages, or any other form of communication by mobile telephone or otherwise.

4. Debtors are specifically rejecting as an executory contract any prior authorization, either in writing, verbally expressed or implied, to contact the debtors by way of their cellphone. Such contact includes but is not limited to cell phone calls, text messages, voice mail messages, silent voice mail messages, or any other form communication by cellphone or otherwise. These provisions are incorporated and made a part of the chapter 13 plan and thus apply to all parties in interest with such provisions or who claim authority by contract, assignment, power of attorney, agency or otherwise to contact or attempt to contact the debtors by way of their respective wireless telephone or cell phones or land lines.

(l) Credit Reporting

1. If any creditor affected by this plan chooses to report debtor's account information to any credit reporting agency, such reports shall be consistent with the terms and provisions of this plan, as confirmed and 11 U.S.C. §1327(a).

2. Unless otherwise provided for by other state or deferral laws, no creditor affected by thus plan is required to report the account information for the debtor to any credit reporting agency. If however, any creditor affected by this plan chooses to report account information regarding the debtor to any credit reporting agency, such reports shall be consistent with the terms and provisions of this plan, as confirmed and 11 U.S.C. §1327(a).

3. If any creditor affected by this plan chooses to report debtor's account information to any credit reporting agency, such reports shall be consistent with the terms and provisions of this plan, as confirmed, and 11 U.S.C. §1327(a).

(m) Choice of Law
1. All choice of law provisions, except any related to the debtor's principal residence and protected from modification pursuant to 11 U.S.C. §1322(b)(2), are hereby void and the applicable laws of North Carolina shall henceforth apply to all matters involving to the relationship between the debtor and creditors.
2. All choice of law provisions are hereby void and the applicable laws of North Carolina shall henceforth apply to all matters involving to the relationship between the debtor and creditors.

(n) Choice of Venue
1. All choice of venue provisions, except any related to the debtor's principal residence and protected from modification pursuant to 11 U.S.C. §1322(b)(2), are hereby void and venue shall be in North Carolina, whether the state or federal courts, as otherwise appropriate, for all matters related to or arising from this bankruptcy.

(o) Jurisdiction for Non-Core Matters
1. Confirmation of this plan shall constitute the express consent by any party in interest in this case, or any one or more of them, including all creditors or other parties duly listed in Schedules D, E, F, G, and H, or any amendments thereto, to the referral of a proceeding related to a case under Title 11 of the United States Code of Bankruptcy Judge to hear and determine and to enter appropriate orders and judgments as provided for by 28 U.S.C. §157(c)(2).


Part II. Nonstandard Plan Provisions for Specific Situations
(a) Mortgage or Mobile Home Claims
(b) Notice Required to Lift the Co-debtor Stay
(c) Classification of Claims for Joint Case
(d) Interest on Arrears
(e) Student Loans
(f) Taxes, Postpetition Taxes
(g) Treatment of a Lease
(h) Priority or Order of Distribution of Payments
(i) Offers in Compromise
(j) Attorney's Fees and Costs
(k) Retain Consumer Causes of Action
(l) Standing for Consumer Causes of Action
(m) Creditors Bound by Confirmation
(n) Periodic Mortgage Statements
(o) Determination of Governmental Claims
(p) Creditors Must File Proof of Claim
(q) Adequate Protection Payment
(r) Contingent Claim
(s) Release of Security Interest
(t) Transfer of Claim


(a) Claims Secured by Security Interest in real Property or Mobile/Manufactured Home

1. A creditor with a claim secured by real property listed in Part 3 shall comply with Rule 3002.1, whether or not it is the debtor's principal residence, whether being provided for as Maintenance of Payments and Cure of Default, Paid in Full under Sections, or Valued to Treat Claim as Secured to the Value of the Property.
2. A creditor with a claim secured by a mobile or manufactured home shall comply with Rule 3002.1, whether provided for in Part 3 as Maintenance of Payments and Cure of Default, Paid In Full, or Valued to Treat Claim as Secured to the Value of the Property.

(b) Co-Debtor Stay
Notice to the co-debtor is required to terminate the §1301 co-debtor stay.

(c) Classification of Claims for Joint Case
In a jointly filed case, the debtors or chapter 13 Trustee may file a subsequent motion to provide for the separate classification of unsecured claims based on the liquidation requirements for each debtor's assets, including Tenancy by the Entireties.

(d) Interest on Arrears
All arrearages paid under the provisions of the Plan will either accrue interest at the rate set forth in the Plan or will accrue no interest if the Plan so designates.

(e) Student Loans
The Buchanan Provisions shall apply:
The debtor is not seeking nor does this plan provide for any discharge, in whole or in part, of their student loan obligations.
The debtor shall be allowed to seek enrollment in any applicable income-driven repayment ("IDR") plan with the U.S. Department of Education and/or other student loan servicers, guarantors, etc. (Collectively referred to hereafter as "Ed"), without disqualification due to bankruptcy. Ed shall not be required to allow enrollment in any IDR unless the debtor otherwise qualifies for such plan. The debtor may, if necessary and desired, seek a consolidation of their student loans by separate motion and subject to subsequent court order. Upon determination by Ed of their qualification for enrollment in an IDR and calculation of any payment required under such by the debtor, the debtor shall, within 30 days, notify the chapter 13 trustee of the amount of such payment. At such time, the trustee or the debtor may, if necessary, file a motion to modify the chapter 13 plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.
The debtor shall re-enroll in the applicable IDR annually or as otherwise required and shall, within 30 days following a determination of (his/her) updated payment, notify the chapter 3 trustee of such payment. At such time, the trustee or the debtor may, if necessary, file a motion to modify the chapter 13 plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.
During the pendency of any application by the Debtor to consolidate her student loans, to enroll in an IDR, direct payment of her student loans under an IDR, it shall not be a violation of the stay or other state or federal Laws for Ed to send the debtor normal monthly statements regarding payments due and any other communications including, without limitation, notices of late payments or delinquency. These communications may expressly include telephone calls and e-mails.
In the event of any direct payments that are more than 30 days delinquent the debtor shall notify her attorney, who will in turn notify the chapter 13 Trustee, and such parties will take appropriate action to rectify the delinquency.
The debtor's attorney may seek additional compensation by separate applications and court order for services provided in connection with the enrollment and performance under an IDR.

(f) Taxes, Post-petition Tax Claims
1. The debtor's plan shall provide for full payment of any post-petition tax claim filed by the Internal Revenue Service which are allowed pursuant to 11 U.S.C. §1305(b), unless the Internal Revenue Service, after a good faith consideration of the effect such a claim would have on the feasibility of the debtor's chapter 13 plan, specifically agrees to a different treatment of such claim. However, any future modification of the debtor's plan is to provide for full payment of any modification of the plan to that effect.

(g) Treatment of a Lease, Not Accepted and Not Rejected
If the plan proposes neither to assume nor reject an executory contract or unexpired lease, that treatment would have to be set forth as a nonstandard provision in Part 8.
The Debtor hereby exercises the statutory right under 11 U.S.C.§ 1322(b)(7) to provide for the assumption or rejection of executory contracts and unexpired leases by inclusion in this chapter 13 Plan, as specifically set forth in Section 5.1, as opposed to by motion notwithstanding the language to the contrary set forth in Section 5.1, which language purports to require the filing of a motion.

(h) Priority or Order of Distribution of Payments
The Official Form contains no provision on the order of distribution of payments under the plan, leaving that to local rules, orders, custom, and practice. If the debtor desires to propose a specific order of distribution, it must be contained in Part 8.

(i) Offers in Compromise
1. The Internal Revenue Service shall, pursuant to I.R.C §7122(a) (2002) and 11 U.S.C. §105 and 525(a), and notwithstanding any provisions of the Internal Revenue Manual, consider any property tendered Offer in Compromise by the debtor. This provision shall not be construed to require the Internal Revenue Service to accept any such Offer in Compromise, but the Internal Revenue Service shall consider such Offer in Compromise as if the debtor was not in an on-going bankruptcy. In the event that an Offer in Compromise is accepted by the Internal Revenue Service and any tax obligation is reduce, the chapter 13 trustee shall review the chapter 13 payment to determine if a reduction in the plan is feasible.

(j) Attorney Fees and Costs
1. Noticing costs: In addition to attorney fees allowed under Section 3.1 and commensurate with the March 11, 2016, Standing Order Regarding Procedures in Aid of the Administration of Chapter 13 Cases, which allows chapter 13 trustees reimbursement for noticing, the debtor's attorney is authorized to seek reimbursement for the costs of noticing of the chapter 13 plan at the rate of $1.00 per regular mail notice and $4.00 certified mail costs, as shown on the attached certificate of service.
2. Debtor's counsel may seek approval for additional compensation for representation of the debtor in the above.
3. Debtor's counsel may seek approval for additional compensation for representation of the debtor in (consumer rights claims, other matters, litigation, etc.).

(k) Retention of Consumer Rights Case of Action
1. Confirmation of this plan shall constitute a finding that the debtor does not waive, release or discharge but rather retain and reserve for him or herself and the chapter 13 trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statue or under state or federal common law including but not limited to fraud, misrepresentation, breach of

contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protect Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

(l) Standing for Consumer Rights Causes of Action
1. Confirmation of this plan shall vest in the debtor full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the Unites States Code including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

(m) Creditors Bound by Confirmation
1. Any creditor's failure to object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim(s) as proposed in the plan.

(n) Periodic Mortgage Statements
1. Effective November 2022, a holder of a mortgage claim shall send periodic monthly statements to the debtor on a form complying with 12 C.F.R. §1026.41, in the same manner as existed pre-petition.
2. The secured creditors in this plan shall send statements, payment coupons, or other correspondence to the debtor that the creditor sends to its non-bankruptcy debtor customers. Such actions do not constitute violations of the automatic stay, 11 U.S.C. §362(a).

(o) Determination of Governmental Claims
Claims held by governmental units, including those guaranteed by the Veteran's Administration, USDA, HUD, Fannie Mae/Freddie MAC, etc., shall be determined, pursuant Rule 3012(c), by subsequent motion or objection to claim.

(p) Creditors Must File Proof of Claim
1. To receive payment from the trustee, either prior to or following confirmation, all creditors must file a proof of claim, and the claim must be allowed. Claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.
2. To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

(q) Adequate Protection Payment
1. To receive a pre-confirmation adequate protection payment from the trustee, as provided for by the Code, the secured creditor must file a proof of claim.

(r) Contingent Claims
The plan in this case will provide for the payment of all filed and allowed contingent claims at the same percentage as the said plan pays to other unsecured creditors. For purposed of the plan, all such contingent claims shall be deemed to have an estimated value of $100.00.

(s) Release of Security Interest
1. Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile homes, or in any other property of this estate in bankruptcy for which the certificate of title is in the possession of the secured party, the secured party shall within 10 days after demand and, in any event, within 30 days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the debtor or the attorney for the debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the debtor in this case either before or after the entry of the discharge order and either before or after the closing in this case. The debtor specifically reserves the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.
2. Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other secured property of this estate in bankruptcy for which the certificate of title is in the possession of a secured party, the secured party shall within 30 days of receipt of the notice of the entry of the Discharge Order, pursuant to North Carolina Cody 63-21-49, execute a release of its security interest on the said title or certificate and mail or deliver the certificate and release to the debtor or the attorney for the debtor.

(t) Transfer of Claim
If a claim has been transferred by the holder thereof after the holder has filed a proof of claim with the trustee, then the failure of the transferee to file evidence of the terms of the transfer with the clerk of the bankruptcy Court, with the trustee, and with the attorney for the debtor shall not serve to remove the transferor as a creditor in this case and in such situations all actions taken by the transferee subsequent to the transfer shall be deemed acts of the transferor to the same extent as if the transferee was a duly appointed agent of the transferor acting fully within the course and scope of his, her or its agency.

Pre-petition arrearage: Unless otherwise ordered by the Court, the amount of pre-petition arrearage set forth on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) shall control over any contrary amount listed in section 3.2 or 3.4 of this plan.

Valid Non-Purchase Money Security Interests in household goods and/or tools of trade each will be valued at the lessor of $300.00, or the value of the claim as if set forth and included in Section 3.3. All references to payment amounts in this document represent average estimated payments, subject to the filing of a valid Proof of Claim, possible objections thereto, and the Chapter 13 Trustee's customary distribution process.

No additional provisions may follow this line or precede part 9: Signature, which follows.

**Part 9: Signatures**

**9.1 signatures of Debtor(s) and Debtor(s)' Attorney**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any must sign below.

| | |
|---|---|
| /s/Cedric Lamont McLean<br>Signature of Debtor | November 15, 2022<br>Executed Date |
| /s/ Latoya McLean<br>Signature of Debtor | November 15, 2022<br>Executed Date |

By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

| | |
|---|---|
| /s/ R. Gregg Edwards<br>Signature of Attorney for Debtors | November 15, 2022<br>Executed Date |

**If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.**